Samuel R. Randall (No. 024517)
**RANDALL LAW PLLC**
4742 N 24th Street, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 328-0262
Fax: (602) 926-1479
*srandall@randallslaw.com*

Michael A. Josephson (*pro hac vice* pending)
Andrew W. Dunlap (*pro hac vice* pending)
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, TX 77046
Telephone: (713) 352-1100
Fax: (713) 352-3300
*mjospheson@mybackwages.com*
*adunlap@mybackwages.com*

Richard ("Rex") J. Burch (*pro hac vice* pending)
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, TX 77046
Telephone: (713) 877-8788
Fax: (713) 877-8065
*rburch@brucknerburch.com*

*Attorneys In Charge for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Finis Person, Individually and for Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>Vivant Behavioral Healthcare LLC, an Arizona Limited Liability Company,<br><br>Defendant. | No.<br><br>**COLLECTIVE ACTION**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**Failure to Pay Overtime Compensation (Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)**<br><br>**(Jury Trial Demanded)** |

**SUMMARY**

1. Vivant Behavioral Healthcare, LLC (Vivant) has failed to pay Finis Person (Person), and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. Vivant automatically deducted 30 minutes from Person and Putative Class Members' shifts despite requiring them to remain on duty during that time. Vivant does not provide bona fide meal periods for its hourly employees who are responsible for resident care. Vivant's hourly employees are required to remain responsible for resident care throughout their shift.

3. Under this policy, non-exempt employees involved in resident care were not completely relieved of duties during meal and break periods and were denied pay for those on-duty meal periods. Vivant continues to require hourly employees responsible for resident care to remain on duty and subject to interruptions during meal breaks.

4. Vivant also failed to pay for certain compensable hours altogether, improperly failing to pay Person and the Putative Class Members for hours worked off-the-clock.

5. Person brings this collective action to recover unpaid overtime and other damages.

**JURISDICTION AND VENUE**

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because a Vivant is headquartered in Phoenix, Arizona.

## THE PARTIES

8. Person was an hourly youth counselor.

9. Person worked for Vivant from approximately January 2017 until February 2022.

10. His consent to be a party plaintiff is attached as **Exhibit A**.

11. Person brings this action on behalf of himself and all other similarly situated Putative Class Members under the collective action provisions of the FLSA. *See* 29 U.S.C. §216(b).

12. The class of similarly situated hourly Vivant employees who were not paid for all hours worked is defined as:

> **All hourly employees who worked for, or on behalf of, Vivant in the United States who were subject to an automatic meal break deduction in the past three (3) years and/or worked off the clock.** ("Putative Class Members").

13. The identities of the Putative Class Members can be readily ascertained from Vivant's records.

14. Vivant is a healthcare services company headquartered in Phoenix, Arizona.

15. Vivant may be served by serving its registered agent: CT Corporation System, 3800 N Central Ave Ste 460, Phoenix, AZ 85012, USA.

## COVERAGE UNDER THE FLSA

16. At all relevant times, Vivant was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all relevant times, Vivant was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. At all relevant times, Vivant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as medical supplies, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

19. At all relevant times, Vivant had an annual gross volume of sales made in excess of $1,000,000.

20. At all relevant times, Person and the Putative Class Members (defined above) were engaged in commerce or in the production of goods for commerce.

**THE FACTS – MEAL BREAK CLAIMS**

21. Vivant is a private for-profit healthcare services company that provides behavioral healthcare facilities for children and youth.

22. Person worked for Vivant from approximately January 2017 until February 2022.

23. Person performed work for Vivant in Alabama.

24. Vivant has facilities across the United States.

25. Person was a youth counselor for Vivant.

26. No advanced degree was needed for this position.

27. Vivant is aware of the number of hours Person worked.

28. Person was required to clock in and out at the beginning and end of his shifts.

29. Vivant typically scheduled Person and the Putative Class Members to work for up to 16 hours a day and up to 7 days a week.

- 4 -

30. As a result, Person worked anywhere from 60 to 70 hours in a typically workweek (far in excess of the overtime threshold of 40 hours).

31. Person's experience with Vivant is similar to the Putative Class Members' experiences.

32. As a youth counselor, Person was required to stay on duty at all times, including during his meal breaks.

33. Person and the Putative Class Members reported to a facility owned, operated, or managed by Vivant to perform their jobs.

34. Person and the Putative Class Members performed their jobs under Vivant's supervision, and using materials and technology approved and supplied by Vivant.

35. Person and the Putative Class Members were required to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

36. At the end of each pay period, Person and the Putative Class Members received wages from Vivant that were determined by common systems and methods that Vivant selected and controlled.

37. Person was not compensated for all hours worked.

38. Vivant paid Person and the Putative Class Members an hourly rate.

39. Person, and the Putative Class Members' hours had an auto deduction for a mandatory lunch break from their hours.

40. Person and the Putative Class Members' work schedule did not permit them to actually take a lunch break.

- 5 -

41. For example, if Person was scheduled a lunch break, but there was work to be done with the residents, he would not have the opportunity to eat.

42. Despite this, Vivant still automatically deducted a lunch break from Person and the Putative Class Members' hours.

43. Person complained to his supervisor about not getting his breaks.

44. Person often became dehydrated while working for Vivant, as he did not have time to drink water, rest, or use the facilities.

45. Person was regularly scheduled for the Second and Third shifts on the same day.

46. Person worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

47. Each Putative Class Member worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

48. When Person and the Putative Class Members worked more than forty hours in a workweek, Vivant did not pay them one and one-half times their regular hourly rate for all hours worked over forty hours in a week due to their failure to include time worked during meal periods in the total of hours worked in a given work week. This unpaid time is compensable under the FLSA because (1) Person and the Putative Class Members were not completely relieved of their duties, (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, or (3) they entirely skipped the meal period due to work demands.

49. Vivant's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

- 6 -

## FACTS—ADDITIONAL OFF-THE-CLOCK CLAIMS

50. Person incorporates by reference all allegations in preceding paragraphs.

51. As a youth counselor, Person was regularly required to work off the clock.

52. Person reported the hours he worked to Vivant.

53. Even though Person, and the Putative Class Members, reported their hours worked, Vivant did not pay them for all hours worked.

54. Vivant failed to pay Person and the Putative Class Members for all the work they performed, including, but not limited to:

   i. Donning and doffing required uniform;

   ii. Attending mandatory training and compliance sessions;

   iii. Shortened or non-existent lunch breaks; and

   iv. Waiting time for the residents to be seen between shifts.

55. Vivant uniformly applied its illegal policy of excluding certain hours from compensation to Person and the Putative Class Members, regardless of their specific job title or duties.

56. Vivant's payment scheme violates the FLSA.

57. Vivant was and is aware of the overtime requirements of the FLSA.

58. As such, Person and the Putative Class Members were not properly compensated as one-and-one-half times their regular rate – as defined by the FLSA – for all overtime worked in excess of 40 hours in a single workweek.

59. Vivant's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

60. Person realleges and incorporates by reference all allegations in preceding paragraphs.

61. Person and Putative Class Members, Vivant's employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

62. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

63. At all relevant times, Vivant was an enterprise engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

64. Vivant employed Person and the Putative Class Members.

65. Throughout the relevant period, Vivant expected and required Person and Putative Class Members to be available to work during their promised meal breaks.

66. The Putative Class Members regularly work or have worked in excess of 40 hours during a workweek.

67. Person and Putative Class Members have been harmed as a direct and proximate result of Vivant's unlawful conduct because they have been deprived of wages owed for work they performed and from which Vivant derived a direct and substantial benefit.

68. Vivant cannot satisfy its burden of proof to demonstrate Person and Putative Class Members received a bona fide meal period for every 30 minutes deducted from their wages automatically.

69. Vivant violated and continues to violate the FLSA when it fails to pay Person and Putative Class Members under 29 U.S.C. § 207 as non-exempt employees. Because of these violations, Person and Putative Class Members have suffered a loss of wages.

70. Vivant's failure to pay overtime to Person and Putative Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

71. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

72. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

73. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

74. The Putative Class Members were victimized by Vivant's uniform pay policy which is in violation of the FLSA.

75. Based on his experiences with Vivant, Person is aware Vivant's illegal pay plan was imposed on the Putative Class Members.

76. All the Putative Class Members were not paid for all their work, including overtime hours worked.

77. The illegal pay practices of not being paid for work done off the clock that Vivant imposed on Person were likewise imposed on the Putative Class Members.

78. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

79. Even if their precise job titles may differ, the Putative Class Members are all victims of Vivant's unlawful compensation practices and are similarly situated to Person in terms of *relevant* job duties, pay provisions, and employment practices.

### JURY DEMAND

80. Person demands a Jury trial.

### PRAYER FOR RELIEF

81. Person prays for relief as follows:

   a. An Order designating the Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding Vivant liable for unpaid back wages due to Person and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

   c. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

   d. For an Order granting such other and further relief as may be necessary and appropriate.

DATED January 13, 2023.

**RANDALL LAW PLLC, JOSEPHSON DUNLAP, LLP, & BRUCKNER BURCH, PLLC**

By: */s/ Samuel R. Randall*
    Samuel R. Randall
    Michael A. Josephson
    Andrew W. Dunlap
    Richard J. (Rex) Burch

***Attorneys for Plaintiff***