**JOSEPHSON DUNLAP**
Michael A. Josephson (*Pro Hac Vice*)
Andrew W. Dunlap (*Pro Hac Vice*)
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
adunlap@mybackwages.com

*Attorneys for Plaintiff*

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Tracy A. Miller, SBN 015920
J. Alexander Dattilo, SBN 030112
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: 602-778-3700
Fax: 602-778-3750
tracy.miller@ogletree.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Finis Person, | **Case No. 2:23-cv-00094-DWL** |
| vs. | **JOINT MOTION TO APPROVE SETTLEMENT** |
| Vivant Behavioral Healthcare LLC, an Arizona Limited Liability Company | Judge: Dominic W. Lanza |

Plaintiff Finis Person ("Plaintiff") and Defendant Vivant Behavioral Healthcare, LLC ("Defendant") (collectively, the "Parties"), hereby jointly move the Court for approval of the FLSA wage-and-hour law Settlement Agreement (the "Agreement").[1]

**I. SUMMARY**

This is an action filed under the Fair Labor Standards Act ("FLSA") in which Plaintiff sought recovery of unpaid overtime wages and other remuneration allegedly due owe and owing to him. Defendant denies Plaintiff's allegations and disputes his entitlement to the damages

---
[1] The Parties are concurrently lodging the Settlement Agreement with the Court in compliance with LRCiv 5.6(b) and (c).

claimed. The Parties exchanged formal and informal discovery which allowed them to reach a settlement to resolve Plaintiff's individual claims.

The Parties have executed a written settlement agreement which was executed as the result of good faith, arm's-length negotiations between experienced counsel. The Parties agree the Agreement represents a fair and reasonable settlement of Plaintiff's disputed compensation and wage-and-hour claims, the release is reasonably tailored to the claims at issue, and the terms are just and fair. The Parties herein request the Court approve Plaintiff's settlement.

## II.    LEGAL STANDARDS

"Unlike most private settlements negotiated between parties in a civil action for damages, in a FLSA case or class action, the parties must seek the district court's approval of the settlement's terms to ensure that it is enforceable and fair." *Juvera v. Salcido*, No. CV-11-2119-PHX-LOA, 2013 WL 6628039, at *3 (D. Ariz. Dec. 17, 2013)) (citations omitted). Courts in the Ninth Circuit approving a private settlement generally follow guidance from the *Lynn's Food* decision out of the Eleventh Circuit *See Villarreal v. Caremark LLC*, No. CV-14-00652-PHX-DJH, 2016 WL 5938705, at *2 (D. Ariz. May 10, 2016).

If a settlement reflects a "reasonable compromise over issues, such as . . . computation of back wages, that are actually in dispute," the district court may approve the settlement "in order to promote the policy of encouraging settlement of the litigation." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). In reviewing a FLSA settlement, the Court's role is to "ensure that private FLSA settlements are appropriate given the FLSA's purposes and that such settlements do not undermine the Act's purposes." *Goudie v. Cable Communications, Inc.*, No. 08-507-AC, 2009 WL 88336, at *1 (D. Or. Jan. 12, 2009).

## III.    ARGUMENTS AND AUTHORITIES

**A.    The Parties have established a bona fide dispute.**

To be approved, a FLSA settlement agreement must constitute a "fair and reasonable resolution of a bona fide dispute." *Quintana v. Health Plan One LLC*, No. CV-18-02169-PHX-RM, 2019 WL 3342339, at *1-2 (D. Ariz. July 25, 2019); *Lynns' Food Stores*, 679 F.2d at 1352-53. To find

a bona fide dispute, "[t]here must be 'some doubt . . . that the plaintiffs would succeed on the merits through litigation of their [FLSA] claims." *Id.* at *1 (quoting *Selk v. Pioneers Mem. Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016)).

Following the exchange of information between counsel, the Parties agree there is a bona fide dispute over Plaintiff's employment status and his alleged damages. Plaintiff alleged that Defendants violated the FLSA by failing to pay him for all hours worked. While Plaintiff is confident he would prevail on the merits of his claim claim, success was not guaranteed and a legitimate dispute existed as to whether Plaintiff could establish his claimed damages. Defendant at all times denied it improperly paid Plaintiff and fervently defended their position that Plaintiff was properly paid for all hours worked. Defendants also maintained that it was not the employer of Plaintiff.  Accordingly, there is a bona fide dispute between the Parties that the proposed Agreement resolves completely. Moreover, approval of the Agreement will promote the policy of encouraging settlement of litigation. *See Selk*, 159 F. Supp. 3d at 1175.

**B.     The scope of the release is appropriately tailored to compensation and wage-and-hour claims.**

The scope of the proposed release in this Agreement is limited to Plaintiff's individual claims that he asserted in the Complaint, as well as any other individual claims he could have asserted.

Courts in the Ninth Circuit "review the scope of any release provision in a[n] FLSA settlement to ensure that class members are not pressured into forfeiting claims, or waiving rights, unrelated to the litigation." *Selk*, 159 F. Supp. 3d at 1178. The proposed release here is narrowly tailored to Plaintiff's individual claims. Courts often find this scope to be appropriate in resolving FLSA and wage-and-hour claims. *See Swain v. Anders Grp., LLC*, No. 1:21-CV-00197, Doc. 29, at *24 (E.D. Cal. Oct. 5, 2022) (finding scope of release "satisfactory" where it "[did] not appear to release unrelated claims[.]"). The Parties agree that this scope is properly narrow and reasonable, and should be approved.

**C.     The Agreement was reached as a result of arms-length, good faith negotiations.**

Generally, courts are likely to find a settlement fair and reasonable where the settlement is

the result of arm's-length negotiations by experienced counsel. *Pan v. Qualcomm Inc.*, No. 16-CV-01885-JLS-DHB, 2016 WL 9024896, at *7 (S.D. Cal. Dec. 5, 2016). Courts also look to whether the settlement was the product of collusion, fraud, or other indicia of unfairness. *Millan v. Cascade Water Servs., Inc.*, 310 F.R.D. 593, 613 (E.D. Cal. 2015)

Here, the Parties reached the Agreement through hard fought, arm's-length, and good faith negotiations between experienced counsel. There is no indication here the settlement was reached through collusion, fraud, or other indicia of unfairness—quite the opposite, as the Parties occasionally clashed over the terms of the Agreement before ultimately reaching resolution. The Agreement reached is fair and reasonable and should be approved.

## IV.   CONCLUSION

For the reasons discussed herein, the Parties respectfully request the Court approve the Settlement Agreement as a fair and reasonable resolution of a bona fide dispute.

RESPECTFULLY SUBMITTED October 17, 2023.

JOSEPHSON DUNLAP, LLP

By: */s/ Andrew W. Dunlap*
    Michael A. Josephson
    Andrew W. Dunlap
    Olivia R. Beale
    *Attorneys for Plaintiff*

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Tracy A. Miller w/permission*
    Tracy A. Miller
    J. Alex Dattilo
    *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

This is to certify that on October 18, 2023, a true and correct copy of the foregoing instrument was served via the Court's electronic filing system.

                                            */s/ Andrew W. Dunlap*
                                            Andrew W. Dunlap